

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Clinton Owsley, Director
Gas Utilities Division
Railroad Commission of Texas
Austin, Texas

Dear Sir:                              Opinion No. O-3150

Re: Whether cash may be re-
quired in lieu of bond in
appeals to Railroad Com-
mission by gas utility un-
der Art. 6058, R.C.S.

We have received your letter of recent date in
which you ask the opinion of this department upon the above
stated question.

Article 6058, R.C.S., is quoted in full as follows:

"Appeal from city control. When a city govern-
ment has ordered any existing rate reduced, the gas
utility affected by such order may appeal to the
Commission by filing with it on such terms and con-
ditions as the Commission may direct, a petition
and bond to review the decision, regulation, ordi-
nance, or order of the city, town or municipality.
Upon such appeal being taken the Commission shall
set a hearing and may make such order or decision
in regard to the matter involved therein as it may
deem just and reasonable. The Commission shall hear
such appeal de novo. Whenever any local distribut-
ing company or concern, whose rates have been fixed
by any municipal government, desires a change of any
of its rates, rentals or charges, it shall make its
application to the municipal government where such
utility is located and such municipal government
shall determine said application within sixty days
after presentation unless the determination there-
of may be longer deferred by agreement. If the
municipal government should reject such applica-
tion or fail or refuse to act on it within said
sixty days, then the utility may appeal to the Com-
mission as herein provided. But said Commission
shall determine the matters involved in any such

appeal within sixty days after the filing by
such utility of such appeal with said Commission
or such further time as such utility shall in
writing agree to, but the rates fixed by such
municipal government shall remain in full force
and effect until ordered by the Commission."

In the case of Harris v. Municipal Gas Company, 59
S.W. (2d) 355 (Civ. App.; error dismissed), the court in speak-
ing of Article 6058 makes the following statement:

". . . Second, a case where a city by its
city legislative body has reduced a gas rate in
which event the gas utility may appeal by petition
and 'bond' in 'terms and conditions as the Commis-
sion may direct,' in which event a hearing shall
be had and the Commission 'may make such order . . .
in regard to the matter . . . as the Commission may
deem just and reasonable.'"

Thus, it is plain from the wording of the statute
that the manner in which a complaining utility appeals to the
Commission is by filing a petition and bond. The filing of
such instruments is necessary to effect the appeal authorized
by and provided for in the statute.

The bond is filed "on such terms and conditions as
the Commission may direct." In the above cited case the ques-
tion arose as to the authority of the Railroad Commission un-
der Article 6058 to approve and accept a supersedeas bond. We
quote from the decision of the Court as follows:

"We believe the statute authorized the rail-
road to use its discretion as to the terms and
conditions of the bond. This includes the power
to allow a supersedeas."

Hence, it is seen that it is within the discretion of the Com-
mission as to the terms and conditions which will be imposed.
But this discretion does not dispense with the requirement that
a bond be filed.

You ask whether the Commission may require cash in
lieu of such bond.

"A commission, agency, or board derives all
its powers from the statutes which confer them."

Acme Refining Co. v. State, et al, 86 S.W. (2d) 507.

"The Railroad Commission is not created by the Constitution, but is created by the Legislature, although some of its powers, once the body is created, are prescribed by the Constitution. City of Denison v. Municipal Gas Co., supra. It thus follows as to this litigation that the Railroad Commission acts only as an agent of the Legislature and with no power except such as is given it by statute." Harris v. Municipal Gas Co., supra.

Therefore, if the Commission may require cash, it must be authorized to do so. As seen before, Article 6058 requires the filing of a bond. The bond is for the protection of gas consumers during the period of the review of the appeal. If the Legislature had so desired, it could have required a deposit of cash instead of the bond. However, such a deposit would be considerably more of a hardship on the complaining utility than the filing of a bond. It is entirely conceivable that some utilities might find it impossible to make a cash deposit while the same utilities could easily file a bond. The Legislature thought that the bond was a sufficient protection, and it is not within the province of this department to question the wisdom of the Legislature in this connection. The Legislature provided for a bond; it made no provision for setting aside a certain amount of cash in lieu of the bond.

In view of the foregoing, it is the opinion of this department that a gas utility appealing to the Railroad Commission under Article 6058, R.C.S., must file a bond "on such terms and conditions as the Commission may direct," and that the Commission has no authority to require such a utility to set aside a certain amount of cash in lieu of such bond.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Hugh Q. Buck_
Hugh Q. Buck
Assistant

By _George W. Sparks_
George W. Sparks

APPROVED FEB 21, 1941

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS

GWS:db

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN